975 So.2d 585 (2008)
James D. ANDERSON, Appellant,
v.
Martha RUSSELL f/k/a Martha Anderson, Appellee.
No. 1D07-0492.
District Court of Appeal of Florida, First District.
February 28, 2008.
John R. Weed of John Weed, P.A., Perry, for Appellant.
Angela M. Ball of Angela M. Ball, P.A., Perry, for Appellee.
PER CURIAM.
James D. Anderson, Appellant, challenges the Final Judgment entered October 24, 2006. We reverse.
*586 The marriage between Appellant and Martha Russell, Appellee, was dissolved in 1987. The final judgment of dissolution awarded a two-acre parcel of property to both Appellant and Appellee, and required the parties to split the property in half as agreed upon by them. In 1992, appellee signed a document, addressed to Appellant, which indicated an intent to in some form transfer an interest in this property to appellant and then to their daughter. This agreement was not signed by Appellant. No deed of conveyance was ever executed by the Appellee.
In 2005, Appellant filed a complaint for specific performance, asking that the Appellee be required to convey the property per the 1992 agreement. The appellee filed a counter-complaint for partition. On May 15, 2006, the trial judge entered a final judgment of specific performance. The trial judge made the following findings:
4. On June 10, 1992 the Plaintiff and Defendant entered into an agreement whereby the Plaintiff purchased the Defendant's interest in the subject property which was to be the property of himself and Roxanne Anderson from that day forth.
5. The Defendant explained that she understood that the document was created by the parties in order to create and preserve an interest in the property for their daughter, Roxanne Anderson. It was, therefore, the intent of the parties that the Plaintiff would have a life estate in the Defendant's undivided interest of the property and that Roxanne Anderson would be the remainderman of that undivided interest.
6. Both parties testified that the two acres comprising the subject property is of approximately the same type and character naturally.
7. Subsequent to the dissolution and after the Defendant had executed the document mentioned above, the Plaintiff negotiated a lease for a cellular tower to be placed on one acre of the undivided property.
8. The Defendant received good and valuable consideration for entering into this Agreement.
9. The Plaintiff and Defendant do not own the subject property as tenants in common since the Defendant has conveyed her interest and therefore there is no property to be partitioned.
The trial judge then ordered:
1. That the Plaintiff has met his burden of proof to show by a preponderance of the evidence that there was a valid agreement for the Defendant to convey her interest in the subject property to the Plaintiff.
2. The Plaintiff shall procure the services of a surveyor so that a survey can be performed to create a legal description for two (2) one-acre parcels.
3. The Plaintiff, James Anderson, is awarded the one acre parcel on which the cellular tower is located.
4. The Plaintiff, James D. Anderson, is awarded a life estate in the other one acre tract and upon the death of the Plaintiff this tract shall vest in Roxanne Anderson as the sole owner thereof.
5. The Defendant, Martha Russell, f/k/a Martha Anderson, shall execute deeds in conformity with this Judgment within fifteen (15) days of receipt of the surveyed legal descriptions. If the Defendant fails to do so, then this Judgment shall have the effect of a duly executed conveyance of her interest as set forth herein, as provided under Rule 1.570(d) of the Florida rules of civil Procedure.
6. The counter-Complaint for Partition is denied.
*587 Appellee filed a motion for rehearing or clarification, asserting that both parties intended the entire two-acre parcel to ultimately go to the daughter. After a hearing, the trial judge struck the initial final order and issued a second final judgment in which he awarded Appellant a life estate in the entire two-acre parcel, with the remainder interest in the entire parcel to the daughter.
The trial judge had no legal authority or evidentiary basis to change the nature of appellant's undivided one-half interest in the property at issue. The original judgment issued on May 15, 2006, directing the division of the property into two equal one-acre parcels and granting appellant a fee simple interest in one and a life estate in the other, was correct and consistent with the final judgment in the dissolution of the parties' marriage. The judgment on appeal is reversed. On remand, the trial judge is directed to reinstate the May 15, 2006 final judgment.
REVERSED and REMANDED.
BROWNING, C.J., BARFIELD and DAVIS, JJ., concur.